**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

RAYMOND I. AIGBEKAEN, *#94655-379*,          *

Plaintiff,                                                          *

v.                                                                        *          Civil Action No. JKB-19-1864

HARFORD COUNTY SHERIFF'S,                   *
  DEPARTMENT,
SGT. SCHLEPPER,                                        *
OFFICER WEBB,
OFFICER LICATO and                                  *
OFFICER THOMAS,
                                                                          *
Defendants.

***

<u>**MEMORANDUM OPINION**</u>

Self-represented Plaintiff Raymond I. Aigbekaen, an inmate currently incarcerated at the Federal Correctional Institution Fort Dix in New Jersey, filed the above-captioned 42 U.S.C. §1983 civil rights Complaint against the Harford County Sheriff's Department and Deputy Sheriffs Schlepper, Webb, Licato, and Thomas (collectively, "Defendants"). ECF No. 1. Plaintiff claims that on April 12, 2015, Defendants searched his dwelling "without a warrant, probable cause or even reasonable suspicion," in violation of his constitutional rights. *Id.* He seeks declaratory and injunctive relief, as well as monetary damages. *Id.* at 4-5.

On June 24, 2019, Defendants filed a Motion to Dismiss Plaintiff's Complaint arguing, *inter alia*, that Plaintiff's claims are time-barred by the statute of limitations. ECF No. 5. On January 15, 2020, Plaintiff filed a response opposing the Motion to Dismiss and on April 20, 2020, he filed a Motion for Summary Judgment. ECF Nos. 9, 10.

This Court deems a hearing unnecessary. *See* Local Rule 105.6 (D.Md. 2016). For the reason set forth below, Defendants' Motion shall be granted, and Plaintiff's Motion shall be

denied.

## Background

Plaintiff alleges that on April 12, 2015, a female called 911 from the Homewood Suites in Bel Air, Maryland and reported that she needed a way to get home because she did not know where she was and she had been traveling with two men, one of whom was Plaintiff.  Complaint at pp. 2-3, ECF No. 1.  According to Plaintiff, "[n]o further information was developed at that time and law enforcement did not have reasonable suspicion or probable cause that a crime might have been committed" other than a call from the hotel manager stating, "it sounds like alcohol."  *Id.* at 3. Defendants arrived and Officer Webb spoke to the female caller.  *Id.*  Plaintiff claims that although nothing was mentioned about a crime being committed, "Officer Thomas, Officer Licata and Officer Webb decided to go on a fishing expedition and search the plaintiff's room with hopes that they might find evidence that could be used in a criminal proceeding."  *Id.*  Plaintiff states that Defendants "did not find out anything about a crime being committed until hours later" and a special agent instructed Defendants to change their report and testimony regarding the time they entered the room.  *Id.*  Plaintiff also alleges that Defendants tampered with evidence sent for forensic examination and falsified their report regarding the incident.  *Id.* at 4.

On August 25, 2015, Plaintiff was criminally indicted in this Court for conspiracy to commit sex trafficking (Count I), conspiracy related to interstate prostitution (Count II), sex trafficking (Count III), interstate transportation for prostitution (Count IV), enticement to travel interstate for purposes of prostitution (Count V), and use of interstate facilities to promote enterprise involving prostitution offenses (Count VI).  *United States v. Aigbekaen*, Crim. No. JKB-15-462, ECF No. 1.  On September 29, 2016, Plaintiff was found guilty by a jury of all counts. *See id.* at ECF No. 189; *see also* Jury Verdict Form, ECF No. 5-2.

**Standard of Review**

Defendants seek to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See Khoury v. Meserve*, 628 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). Under Rule 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *See Demetres v. E. W. Constr., Inc*., 776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Thus, the Court may properly grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005) (citing *Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996)).

In reviewing a complaint in light of a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551

3

U.S. 89, 94 (2007), unsupported legal conclusions and conclusory factual allegations devoid of any reference to actual events do not suffice, *see Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989); *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

### Discussion

Defendants assert that Plaintiff's claims must be dismissed because: (1) declaratory and injunctive relief are not available to him; (2) the claims are time-barred by the statute of limitations; (3) the claims are barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994); (4) the Harford County Sheriff's Department is not a cognizable legal entity capable of being sued; (5) Plaintiff fails to state a constitutional claim; and (6) Plaintiff's claims under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) are inapplicable. *See* ECF No. 5-1.

There is no federal statute of limitations for actions under 42 U.S.C. § 1983, and it is well-settled that the limitations period for § 1983 claims is to be determined by the analogous state law statute of limitations. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Burnett v. Grattan*, 468 U.S. 42, 49 (1984). In Maryland, the applicable statute of limitations is three years from the date of the occurrence. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101.

The three-year statute of limitations may be tolled for equitable reasons, but only in "those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). Equitable tolling is unavailable to a plaintiff who has not been diligent in protecting his or her rights; rather, the plaintiff must establish that he or she has been prevented from asserting those rights. *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 555 (1974). Under

4

Maryland law, the statute of limitations is strictly construed. "Absent legislative creation of an exception to the statute of limitations, we will not allow any 'implied and equitable exception to be engrafted upon it.'" *Hecht v. Resolution Tr. Corp.*, 635 A.2d 394, 399 (Md. 1994) (quoting *Booth Glass Co. v. Huntingfield Corp.*, 500 A.2d 641, 645 (Md. 1985)).

Although the state statute of limitations applies, the question of when a cause of action has accrued under § 1983 is a federal question. *Nassim v. Md. House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc) (citing *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975)). The date of accrual occurs "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id.* (citing *United States v. Kubrick*, 444 U.S. 111, 122-24 (1979)). Under the prison mailbox rule, an action under § 1983 is commenced for the purpose of meeting the statute of limitations when the complaint is delivered to prison staff for mailing and is no longer under the plaintiff's dominion and control. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Lewis v. Richmond City Police Dept.*, 947 F.2d 733, 736 (4th Cir. 1991).

Here, Plaintiff alleges that the incident giving rise to his Complaint took place on April 12, 2015. *See* ECF No. 1. Thus, the facts alleged by Plaintiff occurred over four years before he signed the Complaint on June 16, 2019 and are time-barred. *See id.* at p. 5.

In his response to Defendants' Motion to Dismiss, Plaintiff asserts in pertinent part that because Defendants are still in possession of footage from this incident, "a harm has occurred more than once in a continuing series of acts or omissions" and he should be permitted to allege a "continuing violation" of his constitutional rights. ECF No. 9 at p. 6. It is well established, however, that "[s]tatutes of limitations should not be extended 'except as otherwise expressly provided by law.'" *United States v. Smith*, 373 F.3d 561, 563 (4th Cir. 2004) (quoting *Toussie v. United States*, 397 U.S. 112, 115 (1970)). Normally, "the statute of limitations will begin to run

when a single criminal act is complete." *Id.* The Supreme Court has stated that "the doctrine of continuing offenses should be applied in only limited circumstances." *Toussie*, 397 U.S. at 115.

Here, Plaintiff's bald allegations in this regard are so conclusory that they fail to show a criminal act that may be treated as a "continuing offense." *See Smith*, 373 F.3d at 564-65 (noting that criminal acts over an extended period may be treated as a single "continuing offense" for limitations purposes "when a criminal statute explicitly compels that result, or if 'the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one.'") (quoting *Toussie*, 397 U.S. at 115). "As the alleged constitutional violations during the search of [Plaintiff's hotel room] occurred more than three years prior to [the] institution of this action," the statute of limitations now bars consideration of his claim.[1] *Smith v. Culver*, 867 F.2d 609 (4th Cir. 1989).

Accordingly, Defendants' Motion to Dismiss is granted and Plaintiff's Motion for Summary Judgment is denied.[2]

A separate order follows.


Dated this 19th day of May, 2020.

FOR THE COURT:

_____/s/_____
James K. Bredar
Chief Judge

---

[1] In addition, over three years elapsed between Plaintiff's criminal indictment in this Court and the filing of his Complaint.

[2] In light of this ruling, the Court need not address Defendants' remaining arguments.